UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES | ) | 1:17-CR-25-JAW |
| | ) | |
| v. | ) | |
| | ) | |
| DERRICK A. COFFIN | ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S SENTENCING MEMORANDUM ON CRIMINAL HISTORY**

The question before the Court is whether the Gross Sexual Assault (PSR ¶ 40) or the Burglary (PSR ¶ 39), should receive the 3 points under USSG 4A1.1(a). It is not contested that both of these sentences count as a single sentence because they were imposed on the same day.

The Guideline appears to directly answer the question of which sentence to count under USSG 4A1.1(a). "For purposes of applying §4A1.1(a), (b), and (c), if prior sentences are treated as a single sentence, use the longest sentence of imprisonment if concurrent sentences were imposed. If consecutive sentences were imposed, use the aggregate sentence of imprisonment." USSG 4A1.2(a)(2). Using the

above Guideline section it is clear the GSA conviction is counted under USSG 4A1.1(a), because it is the longer of the two sentences.

The Government points out the aforementioned section of the Guideline does not address USSG 4A1.1(e), which is correct. The determination of what sentence applies under USSG 4A1.1(a) must be determined first. Once it's determined to be the GSA sentence, the Court then looks to the remaining conviction not accounted for under §4A1.1(a), (b), and (c), and determine whether subsection (e) applies. Subsection (e) does not apply to the burglary because it is not a crime of violence under the Guidelines.

The Government has not offered any caselaw or section of the Guidelines that explains why the shorter of the two sentences (the burglary) should be assigned the 3 points and the GSA should be carried over for the additional point under subsection (e). The Donnell v. US, 765 F. 3d 817 (8th Cir. 2014), addressed predicate offenses under the Career Offender Guideline. It did not address what sentence to count under USSG 4A1.1(a), which is the issue here.

Therefore, it is respectfully requested the Court find Mr. Coffin to be a Criminal History Category III.

Dated: August 8, 2018

                                           Respectfully submitted,

                                           /s/Hunter J. Tzovarras
                                           32 Columbia Street
                                           P.O. Box 2806
                                           Bangor, Maine 04401
                                           (207) 558-2450
                                           mainedefender@gmail.com

## CERTIFICATION OF SERVICE

I hereby certify on August 8, 2018, I filed the above Memorandum using CM/ECF system, which will cause a copy to be sent to the following counsel:

Chris Ruge, Assistant U.S. Attorney

/s/ Hunter J. Tzovarras